## BERLINER GRAMOPHONE CO. v. SEAMAN.

(Circuit Court, S. D. New York. November 25, 1901.)

1. PLEADING—DEMURRER—PENDENCY OF ANOTHER ACTION.

Allegations in a complaint for breach of contract that defendant has commenced a suit in equity against plaintiff in another jurisdiction, and obtained an injunction ex parte, but which do not disclose the nature of the pleadings or the cause of action, afford no basis for a demurrer on the ground of the pendency of another action.

2. CONTRACTS—CONSTRUCTION—RIGHT TO TERMINATE FOR BREACH.

Plaintiff, which owned a number of patents, relating to talking machines known as "gramophones," granted an exclusive license to defendant to buy, sell, and deal in such machines, under a contract that defendant should buy exclusively of plaintiff, use his best efforts to promote the sale of such machines, and exhibit his books to plaintiff on request. The contract provided that plaintiff might, at its option. notify defendant of any breach on his part, and, if not remedied within 30 days, terminate the contract by another notice, in which case defendant should be bound to take and pay for only such machines and supplies as he had previously ordered, and that such remedy should be exclusive, so far as the obligation of defendant to purchase goods to any particular amount was concerned, but that "as to all other obligations of the licensee the remedy given in this section is merely cumulative, and shall not deprive the licensor of any of its legal or equitable remedies." *Held*, that such provisions did not deprive the plaintiff of the right to terminate the contract without notice because of deliberate, willful, and persistent violations, which left no doubt of his intention to repudiate the same, and to sue for damages for its breach.

3. ABATEMENT—VIOLATION OF INJUNCTION—MODE OF MAKING OBJECTION.

The question whether a plaintiff in commencing and prosecuting the action is violating an injunction issued in a suit between the parties in another jurisdiction cannot be presented or considered on the argument of a demurrer to the complaint, but must be brought properly and formally before the court by a motion for a stay, or other appropriate motion.

At Law. On demurrer to complaint.

Two grounds of demurrer are stated.. First. That it appears upon the face of the complaint that there is another action pending between the same parties for the same cause. Second. That the complaint does not state facts sufficient to constitute a cause of action.

Edmund L. Baylies, for plaintiff.

Waldo G. Morse, for defendant.

COXE, District Judge. This is an action to recover damages for the alleged breach of a written contract made by the parties to this action October 10, 1896. By the terms of this agreement the plaintiff, who is the owner of several patents for talking machines, known as "gramophones," granted to the defendant an exclusive license to buy, sell and deal in the patented devices throughout the United States, except the District of Columbia. The complaint alleges that the plaintiff has performed every stipulation and covenant of this agreement on its part and that the defendant has repeatedly failed to perform on his part in the particulars fully stated and described. It is alleged in paragraph 14 of the complaint that in June, 1900, the defendant commenced a suit in equity against the plaintiff in the United States circuit court for the West-

ern district of Virginia, and, upon allegations which were false in many particulars, obtained, ex parte, an injunction restraining the plaintiff from selling gramophones to any person other than the defendant. This is all. The nature of the pleadings in the Virginia suit is not stated. It is not even alleged that an answer was filed. Nothing is known regarding the litigation except that it is a suit in equity in which an injunction was granted. As there is absolutely nothing to show what the cause of action in the Virginia suit is, there is, of course, no basis of comparison. The first ground of demurrer is, therefore, without foundation.

Does the complaint state a cause of action? The contract is an elaborate document stating in minute detail the reciprocal duties and obligations of the parties. The defendant agrees, inter alia, as follows: First. To exhibit his books of account to the plaintiff when requested to do so. Second. To "use his best efforts to promote the gramophone business in the United States, and shall advertise gramophones and gramophone goods prominently and freely as 'Berliner' gramophones and 'Berliner' gramophone goods." Third. Not to manufacture, buy, sell or use gramophones or gramophone goods, or any parts thereof, except such as he buys from the plaintiff. Fourth. Admitting and conceding the validity of the letters patent hereinbefore mentioned, he agrees not to dispute or contest them, and he agrees not to make use of any other name than that of Emile Berliner in connection with gramophones and gramophone goods.

The complaint contains the following allegations:

First. "That, although the plaintiff has formally demanded of the defendant that he exhibit his books of account to it, in order to determine whether he, the defendant, had complied with his contract of October 10, 1896, relating to advertising, said defendant has refused to comply with plaintiff's request, and has never at any time exhibited to the plaintiff the proper books of account which would enable the plaintiff to determine whether such advertising has in fact been done."

Second. "That the defendant has not used his best efforts to promote the gramophone business, but, on the contrary, has constantly endeavored to injure said business by combining with the National Gramophone Company, the National Gramophone Corporation of New York and the Universal Talking Machine Company in placing upon the market and promoting the sale of the 'zonophone,' a machine which infringes the gramophone. That instead of promoting the gramophone business, the defendant has done all in his power to promote the manufacture and sale of a machine made by a rival company. That the defendant has not advertised gramophones and gramophone goods prominently and freely as 'Berliner' gramophones and 'Berliner' gramophone goods, but, on the contrary, has systematically suppressed the name 'Berliner' in his advertisements, and in those of the National Gramophone Company and National Gramophone Corporation of New York, and in said advertisements he has substituted the name of 'zonophone' instead of the word 'gramophone,' and has advertised that the gramophone had been withdrawn, and the zonophone substituted in its place."

Third. "That the defendant secretly and without the knowledge of the plaintiff, in the year 1898, manufactured or caused to be manufactured gramophone records, for the purpose of rendering defendant independent of plaintiff in the matter of records."

Fourth. "That the defendant has caused to be organized and controlled the Universal Talking Machine Company, which manufactures the infringing machine, named the 'Zonophone.'"

Other breaches are alleged, but it is unnecessary to consider them, as sufficient appears to warrant the plaintiff in declaring the contract forfeited and ended, which was formally done by a resolution of its board of directors.

But it is argued that, no matter how flagrant or long continued the violations of the contract may have been, there was but one way in which the plaintiff could end the contract, namely, by giving the defendant a written notice pointing out the grievance and a locus pœnitentiæ of 30 days.

Section 16 of the contract is as follows:

"For breach of any covenant herein contained on the part of the licensee, the licensor may, at its option, give notice in writing to the licensee, pointing out the cause of complaint; and if, within thirty days after the delivery of the said notice to the licensee, the licensee shall not remove the cause of complaint and fully perform the covenant so broken, then the licensor may, by second notice in writing to the licensee, revoke the license hereby given, withdraw from all its covenants and annul all the licensee's rights thereunder; and in that case all liability of the licensee on his covenants in this agreement shall cease, except that he shall remain bound to take and pay for, in accordance with the terms hereof, all gramophones, gramophone goods and parts for the repair of gramophones for which he has at the time actually given orders. If the breach of covenant consists in the failure to pay money, the first notice may, after ten days have expired, at the option of the licensor, work the revocation, withdrawal and annulment hereinbefore described, without any further days of grace or second notice. The remedy given in this section is exclusive so far as the obligation of the licensee to purchase goods to any particular amount is concerned, and the agreement to make such purchases shall be enforced only in accordance therewith and not by any other remedy, legal or equitable; as to all other obligations of the licensee the remedy given in this section is merely cumulative and shall not deprive the licensor of any of its other legal or equitable remedies."

This provision should be construed in a liberal manner, having in mind the true intent and purpose of the arrangement between the parties and the ordinary rules of trade, which men of common sense are presumed to have in mind when entering into such an agreement. It is not the purpose of the court to attempt a construction of the contract further than is needed to determine this demurrer, as the testimony at the trial may throw new light upon the situation, and the trial court should not be hampered by unnecessary attempts to elucidate its somewhat ambiguous provisions. It suffices to say that the paragraph in question is capable of a construction which permits the plaintiff to terminate the contract because of deliberate, willful and persistent violations by the defendant without a 30-days notice. In other words, where a party repudiates his contract, or where his conduct is such that there can be no doubt of his intention to repudiate, notice to him to perform is an idle ceremony which the law does not require. Should such a situation exist here would it not be possible for the plaintiff under the general allegations of the complaint to prove it? It is not necessary, however, to go to this length; the breaches referred to do not relate to the obligation of the defendant to purchase goods, and, as to all other obligations, the paragraph in question is expressly stated to be cumulative and is in no way to deprive the plaintiff of "any of its other legal or equitable remedies." If the

defendant's interpretation be correct the plaintiff is deprived of a legal remedy, namely, the right to sue for damages on breach of the contract in the particulars heretofore stated. He is also deprived of equitable remedies which might be essential to maintain his rights and preserve his property.

An argument has been addressed to the court, based upon a number of papers which have not been submitted, to the effect that the decision on this demurrer should be withheld because of an injunction in the Virginia suit restraining the plaintiff from proceeding against the defendant. The question cannot be considered in this informal manner. If an injunction be actually in force, which is denied, and if the plaintiff has violated it, an application for a stay or other kindred motion will bring the matter properly before the court.

The demurrer is overruled, the defendant to answer within 30 days on payment of costs to be taxed by the clerk.